UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>JAMES MARVIN ROTH,<br><br>Debtor.<br><br>Bankr. Case No. 10-7659-MM11 | Case No. 14-cv-11 BAS (WVG)<br>Adversary Proceeding 10-90359<br><br>**OPINION** |
| ANICE M. PLIKAYTIS,<br><br>    Cross-Appellant,<br><br>    v.<br><br>JAMES M. ROTH,<br><br>    Cross-Appellee. | |

**OPINION**

**C. BASHANT, District Judge:**

On January 2, 2014, Cross-Appellant Anice M. Plikaytis appealed a bankruptcy court's decision to discharge a portion of the state court judgment in her favor against Cross-Appellee James Roth. After reviewing the parties' briefing and the bankruptcy court's judgment, this Court affirms the bankruptcy court.

## I. *Procedural Background*

Plikaytis successfully sued Roth in California state court in 2009. She was awarded damages totaling $9.4 million against Roth and other defendants. Roth filed for Chapter 11 bankruptcy on May 3, 2010.

Plikaytis then filed a complaint, with attached exhibits, objecting to the dischargeability of the state court judgment as to Roth. Plikaytis alleged the judgment was nondischargeable because it was based on fraud under 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(4), and 11 U.S.C. § 523(a)(6) (counts 1, 2, and 3, respectively). Compl. ¶ 4(a)–(c).

Her initial complaint was improperly served and failed to state a claim, so the bankruptcy court dismissed it with leave to amend.

Plikaytis' amended complaint, filed March 3, 2011, set forth six claims for relief. The bankruptcy court granted partial summary judgment, finding Roth's $52,000 debt for failure to pay mortgages was precluded from discharge under § 523(a)(6).[1] R. 3421. In its pretrial order, the bankruptcy court noted that the previously-awarded $52,000 would be credited against any further award for failure to pay mortgages. R. 3434.

After the adversary proceeding, the bankruptcy court found nondischargeable a $90,000 debt for misuse of mortgage payments owed to Plikaytis, along with other nondischargeable awards for a total of $2,997,000. R. 3445. The remaining debts were discharged. *Id.*

Roth appealed the judgment, and Plikaytis filed a cross-appeal. This Court previously ruled on Roth's appeal, affirming the bankruptcy court's legal and factual findings.[2]

The Court now turns to Plikaytis' cross-appeal. In her appeal, Plikaytis argues seven claims. First, she argues the punitive damages award of $500,000 in

---

[1] All statutory references herein are to Title 11 of the U.S. Code unless otherwise noted.
[2] 3:13-cv-2954, ECF 37.

the state court judgment was erroneously discharged. Second, she challenges the discharge of the state court's awards of attorneys' fees and costs. Third, she argues that the $52,000 liability should not have been subsumed within the $90,000 award. Fourth, she argues that the bankruptcy court erroneously denied her motion for attorneys' fees for the adversary proceeding. Fifth, she argues the mechanics liens claim related back to the initial Complaint. Sixth, she argues the bankruptcy court erred when issuing the pretrial order. Seventh, she argues she did not waive an award of interest on the debts by failing to move to include it.

The Court finds no merit in Plikaytis' appeal. Therefore the Court affirms the judgment in its entirety.

## II.   *Standard of Review*

On appeal, a bankruptcy court's legal conclusions are reviewed *de novo,* factual findings are reviewed for clear error, and mixed questions of law and fact are reviewed *de novo. See Murray v. Bammer (In re Bammer),* 131 F.3d 788, 792 (9th Cir.1997).

## III.   Discussion

**A. Discharge of Punitive Damages Award**

Plikaytis challenges the bankruptcy court's discharge of the $500,000 in punitive damages awarded in the state court judgment. Plikaytis argues the state court judgment acted as collateral estoppel, and thus the debt for punitive damages was not dischargeable. The bankruptcy court disagreed, declining to apply collateral estoppel and discharging the debt because Plikaytis failed to prove at trial that the punitive damages were awarded for nondischargeable debts.

Collateral estoppel applies in dischargeability proceedings. *In re Bugna*, 33 F.3d 1054, 1056. Collateral estoppel requires that "the issues faced by the bankruptcy court in the dischargeability proceeding [are] identical to those litigated and determined in state court." *In re Bugna*, 33 F.3d at 1057. If, after applying collateral estoppel and proving any additional elements, a debt is not dischargeable

under a provision § 523(a), the resulting compensatory and punitive damages are consequently both nondischargeable. *In re Bugna*, 33 F.3d at 1058.

In this case, the challenged portion of the state court judgment awarding punitive damages did so under multiple causes of action without allocating between the claims. This Court is informed that the jury initially awarded $2.5 million in punitive damages, but Plikaytis did not designate the verdict form as part of the record on appeal. Cross-Appellant's Opening Br. ("AOB"), 10, fn. 5. In any case, this award was reduced to $500,000 in punitive damages "for all causes of action[.]" R. 158. These causes of action gave rise to both dischargeable and nondischargeable debts.

Thus, the bankruptcy court found it could not give preclusive effect to the punitive award because "the state court awarded punitive damages based upon any one of its findings of intentional infliction of emotional distress, intentional interference with prospective economic advantage, or breach of fiduciary duty without specifying which one." R. 1238. Some of these causes of action are dischargeable; some are not. Therefore, the doctrine of collateral estoppel is not helpful to Plikaytis.

This Court agrees with the bankruptcy court that collateral estoppel did not apply to the punitive damage award. Plikaytis had the burden to show that the punitive damages were awarded for a nondischargeable liability. By the judgment's plain and obvious terms, only a fraction of the punitive damages were potentially awarded for nondischargeable claims. Without any additional evidence, there is no basis for ruling the punitive award nondischargeable.

Plikaytis provided no such evidence supporting her belief that the punitive award was based on nondischargeable claims. Because Plikaytis provided no evidence at trial showing that the punitive damages arose exclusively from the nondischargeable claims, the award was properly discharged. Accordingly, the bankruptcy court is affirmed.

**B. The State Court's Award of Attorneys' Fees and Costs**

Plikaytis challenges the bankruptcy court's decision to discharge the state court's award of attorneys' fees and costs. These attorneys' fees and costs were awarded as lump sums for all applicable causes of action, and the ruling on the grant of the attorneys' fees in state court is not in the record on appeal. However, the bankruptcy court reviewed the "descriptions for the time entries for the attorney," finding that they were "very summary" and that they provided no basis to show what, if any, was awarded for the nondischargeable claims. R. 3576–77. This Court can find no clear error in this factual finding.

When attorneys' fees are a debt associated with various state court causes of actions, some of which are dischargeable and some of which are not, the exact same analysis as the punitive damages applies. There is no evidence as to the degree that the attorneys' fees and costs were based on nondischargeable claims. Accordingly, their discharge is affirmed.[3]

**C. Liability Arising from Failure to Pay Mortgage**

Plikaytis complains that the bankruptcy court incorrectly found that the $52,000 judgment for "engag[ing] in wrongful conduct through withholding payment of mortgages held in the name of Anice Plikaytis" (R. 146–47) was subsumed within the $90,000 judgment for "breach of fiduciary duties ... by failing to pay mortgages for units held in the name of Anice Plikaytis" (R. 143). She cites no precedent or evidence beyond the verdict forms.

Basic equitable principles permit an injured party to recover once for a wrong. A tortfeasor's payment partially satisfying a claim is credited against the remaining liability. Restatement (Second) of Torts § 920A(1) (1979).

---

[3] Roth avers that the attorneys' fees were awarded based on California Civil Code § 1717(a), which exclusively awards fees on a contract action. Cross-Appellee's Br., 13:13–20. Roth argues that because all contract claims were discharged, the attorneys' fees were necessarily only predicated on discharged claims and are not recoverable. This Court has affirmed the bankruptcy court without reaching the merits of this argument.

1    The verdict forms show that both judgments were awarded for Roth's
2 failure to pay Plikaytis' mortgage. Under elementary legal principles, the
3 bankruptcy court credited the partial satisfaction of the claim against the remaining
4 liability. Accordingly, the bankruptcy court is affirmed.

**D. Attorneys' Fees Award for Adversary Proceeding**

6    Plikaytis challenges the bankruptcy court's denial of attorneys' fees for the
7 adversary proceeding. Plikaytis points to her counsel's statements asking for
8 clarification of the denial of the award of state court attorneys' fees as evidence of
9 an "oral motion" for attorneys' fees for the adversary proceeding. R. 3583–84,
10 Cross-Appellant's Reply Br. ("RB"), 8:4–6.

11    "A contract allocating attorney's fees that is enforceable under substantive,
12 nonbankruptcy law is allowable in bankruptcy except where the Bankruptcy Code
13 provides otherwise." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*,
14 549 U.S. 443, 443 (2007). According to Federal Rule of Bankruptcy Procedure
15 7008(b), any "request for attorney's fees must be pled as a *claim* in the
16 *complaint*[.]" *Fotouhi v. Mansdorf*, 427 B.R. 798, 805 (N.D. Cal. 2010) (italics in
17 original). Requesting attorneys' fees in the prayer for relief does not suffice. *In re
18 Odom*, 113 B.R. 623, 625 (Bankr. C.D. Cal. 1990).

19    Here, Plikaytis concedes she did not file a separate claim for attorneys' fees.
20 *See* RB, 8:9–13. Accordingly, the bankruptcy court's denial of attorneys' fees is
21 affirmed.

**E. Bar of Mechanic's Lien Claim**

23    Plikaytis challenges the bankruptcy court's denial of the relation back of her
24 Amended Complaint to include a debt arising from a mechanic's lien. The initial
25 Complaint (1) includes the state court Judgment, an abstract of judgment, and writ
26 of execution, (2) recites that the Judgment "includes awards for breach of fiduciary
27 duties and intentional infliction of emotional distress," and (3) alleges that the
28 judgment was nondischargeable under § 523(a)(2)(A), (a)(4), and (a)(6).

Federal Rule of Civil Procedure 15(c)(1)(B) permits amendments to a complaint to relate back to the time of filing of the original complaint if the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" It is designed to prevent surprising defendants with new charges they believe are no longer "alive" because the statute of limitations has run. *See Hughes v. Colorado Dep't of Corr.*, 594 F. Supp. 2d 1226, 1236 (D. Colo. 2009). Relation back is "liberally construed" so long as there is a "factual nexus[.]" *See id.* (quoting *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983)). The relation back of an amended complaint is reviewed *de novo*. *Slayton v. American Express Co.*, 460 F.3d 215 (2nd Cir. 2006); *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010).

There is no debt for a "mechanics lien" included in the original state court judgment or in any other part of the original Complaint. Roth was therefore only noticed of claims arising from the state court judgment, and the mechanics lien has no factual nexus to that judgment. Because it arises from different conduct, transactions, or occurrences than those included by reference to the state court judgment, the mechanics lien claim does not relate back to the initial Complaint. *See Walsh Securities Inc. v. Cristo Property*, 2008 WL 4792544 (D. N.J. October 31, 2008), *amended on another point*, 2009 WL 1883988 (D. N.J. June 30, 2009). Because any part of the Amended Complaint that did not relate back to the initial Complaint was time-barred, the bankruptcy court properly dismissed the mechanics lien claim. Accordingly, the bankruptcy court is affirmed.

**F.  Pretrial Order**

Plikaytis challenges the bankruptcy court's approach to the pretrial order, claiming it was a *sua sponte* grant of summary judgment masquerading as a pretrial order. However, she only identifies the inclusion of the $52,000 award within the $90,000 award as an example, which is addressed above.

At the pretrial conference, the court may take action on (among other things): "formulating and simplifying the issues, and eliminating frivolous claims or defenses ... [and] avoiding unnecessary proof and cumulative evidence…." Fed R. Civ. P. 16(c)(2). The trial court judge drafts and dictates the pretrial order. *McCargo v. Hedrick*, 545 F.2d 393, 401 (4th Cir. 1976).

Here, the only issue allegedly summarily decided was decided properly, and the bankruptcy court was authorized to dictate the pretrial order. Accordingly, the bankruptcy court is affirmed.

**G. Interest on the State Court Judgment**

Plikaytis challenges the bankruptcy court's failure to award interest on the nondischargeable elements of the state court judgment. However, she specifically stated in her Findings of Fact and Contentions of Law that she would bring a further motion to request fees and interest. R. 846. She did not do so, nor does she claim she did. Accordingly, this issue was not before either the bankruptcy court or this Court and is waived on appeal. *See Accentra Inc. v. Staples, Inc.*, 851 F. Supp. 2d 1205, 1226-27 (C.D. Cal. 2011).

**CONCLUSION**

After reviewing the bankruptcy court's legal conclusions *de novo* and its factual findings for clear errors, the Court **AFFIRMS** the bankruptcy court. This Opinion terminates the instant action. The Clerk shall close the file and terminate all pending matters.

**AFFIRMED.**

**DATED: September 23, 2014**

Hon. Cynthia Bashant
United States District Judge